IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LISA BATISTA, on behalf of herself and others similarly situated, | CIVIL ACTION FILE NO. |
| Plaintiff, | |
| v. | **COMPLAINT – CLASS ACTION** |
| CRISP MARKETING, LLC, a Florida limited liability company, and MOBILEHELP, LLC, a Delaware limited liability company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Lisa Batista (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. This case involves a campaign by Crisp Marketing, LLC ("Crisp Marketing") to market MobileHelp,LLC's ("MobileHelp") products and services through the use of pre-recorded telemarketing calls in plain violation of the TCPA.

3. The recipients of Crisp Marketing's illegal calls on behalf of MobileHelp, which include Plaintiff and the proposed class members, are entitled to damages under the TCPA.

## PARTIES

4. Plaintiff Lisa Batista is, and at all times mentioned herein was, an individual citizen of the state of Alabama.

5. Defendant Crisp Marketing, LLC is a Florida limited liability company, with a principal place of business in Fort Lauderdale, Florida.

6. Defendant MobileHelp, LLC is a Delaware limited liability company, with a principal place of business in Boca Raton, Florida.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has personal general jurisdiction over Crisp Marketing and MobileHelp because both companies reside in this District.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendants reside in, and directed the calls to Plaintiff Batista from, this District.

## TCPA BACKGROUND

### Calls Made Using a Pre-Recorded Voice Message

10. The TCPA regulates, among other things, the use of an artificial or pre-recorded voice message to make calls or send text messages. *See* 47 U.S.C. § 227, *et seq*.; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11. Specifically, the TCPA prohibits the use of an artificial or prerecorded voice message to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

12. "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

13. "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

## FACTUAL ALLEGATIONS

14. Defendants are each a "person" as the term is defined by 47 U.S.C. § 153(39).

15. At no point has Plaintiff Batista sought out or solicited information regarding either Defendant's products or services.

16. Plaintiff Batista's telephone number, XXX-XXX-9165, is registered to a cellular telephone service.

17. On December 3, 4, and 8, 2020, the Plaintiff Batista received prerecorded voice message calls from Crisp Marketing.

18. During all three calls, the Plaintiff answered the same series of prerecorded questions before being transferred to a live agent promoting medical alert devices.

19. During the December 3 and 4 calls, the Plaintiff requested to be added to Crisp Marketing's internal do not call list.

20. During the December 8 call, the Plaintiff feigned further interest until the live agent identified MobileHelp as the seller of the products being promoted during the calls.

21. The calls were not necessitated by an emergency.

22. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. Plaintiff and the Class Members were also harmed by use of their cell phone battery and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

## MobileHelp's Liability for Crisp Marketing's Conduct

26. The FCC has explained for over 25 years that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

23. On May 9, 2013, the FCC confirmed this principle in a Declaratory Ruling holding that sellers such as Total Insurance Brokers may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer

>that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy.

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

24. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

25. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

>[A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

28 CC Rcd at 6592 (¶ 46).

26. MobileHelp is legally responsible for ensuring that Crisp Marketing complied with the TCPA, even if MobileHelp did not itself make the calls.

27. MobileHelp did not audit the telemarketing practices of Crisp Marketing.

28.     Furthermore, MobileHelp accepted the business from illegal calls from Crisp Marketing, even while Crisp Marketing was being sued in another TCPA lawsuit for its calling conduct.

29.     Moreover, MobileHelp maintained interim control over Consumer Crisp Marketing's actions by dictating the parameters of the types of customers that they would accept.

30.     Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46).  Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action on behalf of herself and the following classes (the "Class") pursuant to Federal Rule of Civil Procedure 23.

32.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Pre-Record Call Class:** All persons in the United States who, within four years prior to the commencement of this litigation until the class is certified, received one or more pre-recorded calls on their cellular telephone from or on behalf of Crisp Marketing concerning MobileHelp's products or services.

33.     Plaintiff Batista is a member of, and will fairly and adequately represent and protect the interests of, these Classes as she has no interests that conflict with any of the class members.

34. Excluded from the Class are counsel, the Defendants, and any entities in which either Defendant has a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

35. Plaintiff and all members of the Class have been harmed by the acts of the Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their cell phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

36. This Class Action Complaint seeks injunctive relief and money damages.

37. The Class as defined above is identifiable through the Crisp Marketing's dialer records, other phone records, and phone number databases.

38. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

39. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

40. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class members.

42. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    (a) Whether Defendants used an artificial or prerecorded voice message to call Plaintiff and members of the class;
    (b) whether Defendants made calls to Plaintiff and members of the Class without prior express written consent;

    (c) whether Defendants' conduct constitutes a violation of the TCPA;

    (d) whether MobileHelp is vicariously liable for Crisp Marketing's conduct; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

43. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

44. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

45. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

46. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

47. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act (47 U.S.C. 227, et seq.) on behalf of Prerecorded Call Class**

48. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

49. Defendants violated the TCPA by sending, or causing to be sent via an agent, artificial or prerecorded voice messages to the cellular telephones of Plaintiff and members of the Prerecorded Call Class without their prior express written consent.

50. The Plaintiff and Prerecorded Call Class Members are entitled to an award of $500 in statutory damages per telephone call.

51. The Plaintiff and Prerecorded Call Class Members are entitled to an award of treble damages if the Defendants' actions are found to have been knowing or willful.

52. Plaintiff and Prerecorded Call Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, using an artificial or pre-recorded voice in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendants from calling any cellular telephone numbers using a prerecorded voice in the future;

B. As a result of the Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Pre-Recorded Call Class member treble damages, as provided by statute, of $1,500 for each and every violation of the TCPA;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

                Respectfully Submitted,

                **Lisa Batista**, individually and on behalf of those similarly situated individuals

Dated: January 28, 2021               */s/ Avi Kaufman*
                                            Avi R. Kaufman (FL Bar no. 84382)
                                            kaufman@kaufmanpa.com
                                            Rachel E. Kaufman (FL Bar no. 87406)
                                            rachel@kaufmanpa.com
                                            KAUFMAN P.A.
                                            400 NW 26th Street
                                            Miami, FL 33127
                                            Telephone: (305) 469-5881

                *Counsel for Plaintiff and the putative Class*