UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60217-CIV-SINGHAL/VALLE

LISA BATISTA, on behalf of herself and others
similarly situated,

    Plaintiff,

v.

CRISP MARKETING LLC, a Florida limited
liability company, and MOBILEHELP, LLC, a
Delaware limited liability company,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant MobileHelp, LLC's Motion to Dismiss the Complaint (DE [15]). Plaintiff Lisa Batista has filed a Response in Opposition (DE [24]), and MobileHelp has filed a Reply (DE [30]). For the reasons discussed below, the Motion is granted.

**I.**    **BACKGROUND**

Plaintiff filed this class action against Defendants Crisp Marketing, LLC ("Crisp Marketing") and MobileHelp, LLC ("MobileHelp") for allegedly violating the Telephone Consumer Protection Act of 1991 ("TCPA"). The TCPA "generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020); *see* 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff alleges that in December 2020, she received three prerecorded phone calls from Crisp Marketing that violated 47 U.S.C. § 227(b)(1)(A)(iii). (Compl. ¶¶ 11, 17 (DE [1])). When Plaintiff answered all three phone calls, she was asked a series of

prerecorded questions and upon answering, Plaintiff was transferred to a live agent promoting medical alert devices. (*Id.* ¶ 18). During the phone calls on December 3 and 4, 2020, Plaintiff requested to be placed on Crisp Marketing's do-not-call list. (*Id.* ¶ 19). On December 8, Plaintiff received another prerecorded phone call and remained on the phone until the live agent identified MobileHelp as the seller of the products being promoted during calls. (*Id.* ¶ 20). Plaintiff alleges that MobileHelp is liable for Crisp Marketing's violations of the TCPA because Crisp Marketing was acting under MobileHelp's authority and MobileHelp benefited from the calls. (*Id.* ¶ 24). Finally, Plaintiff alleges that MobileHelp should have been aware of Crisp Marketing's TCPA violations because of an unidentified lawsuit pending against Crisp Marketing for violations of the TCPA. (*Id.* ¶ 28).

MobileHelp moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). MobileHelp first argues that Plaintiff lacks standing because the Complaint attributes only the December 8 phone call to MobileHelp and, therefore, MobileHelp can be held liable for only that one call. Second, MobileHelp argues that the Complaint fails to state a claim because Plaintiff made conclusory allegations regarding the relationship between MobileHelp and Crisp Marketing. MobileHelp also argues that it is not directly or vicariously liable for Crisp Marketing's TCPA violations.

## II.   STANDING

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for "lack of subject-matter jurisdiction." Because "standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (quoting *Cone Corp. v. Fla. Dep't of Transp.*, 921 F.2d 1190,1203 (11th Cir. 1991)). When ruling on a motion to dismiss for lack of standing, the trial court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975) (citation omitted). If the "plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Id.* at 502. During the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of Article III standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (omission in original) (quoting *Warth*, 422 U.S. at 518).

A motion to dismiss for lack of standing "can be based upon either a facial or factual challenge to the complaint." *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). A facial attack on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his [or her] complaint are taken as true for the purposes of the motion." *Id.* (first and second alterations in original) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). On the other hand, a factual attack challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered." *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

To meet the constitutional minimum for Article III standing, the following elements must be satisfied: (1) there must be an injury-in-fact, (2) the injury must be traceable to the defendant's conduct, and (3) the injury must be likely to be redressed by a favorable

decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Under *Lujan*, "the party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561 (citations omitted).

To establish the first element of injury-in-fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Additionally, to be "concrete," an "injury must be '*de facto*'; that is, it must actually exist." *Spokeo, Inc.*, 136 S. Ct. at 1548 (citing Black's Law Dictionary 479 (9th ed. 2009)). Further, even when there is a statutory violation, Article III standing requires a concrete injury. *Id.* at 1549. Regarding concrete injuries, the Supreme Court has recently held that "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 2021 U.S. LEXIS 3401, at *21 (U.S. June 25, 2021).

Under the TCPA, a person has standing to initiate a private right of action against an entity when the person "has received *more than one* telephone call within any 12-month period by or on behalf of the same entity." 47 U.S.C. § 227(c)(5) (emphasis added). The Eleventh Circuit has emphasized that "more than one unwanted call" is a concrete injury under the TCPA and "meets the minimum requirements of Article III standing." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2021); *compare Grigorian v. FCA, US LLC*, 838 Fed. Appx. 390, 393 (11th Cir. 2020) (holding single prerecorded voicemail is insufficient injury for standing), *with Glasser v. Hilton Grand Vacations Co.,*

*LLC*, 948 F.3d 1301, 1305–06 (11th Cir. 2020) (holding receipt of over dozen unsolicited phone calls is sufficient to constitute injury under TCPA).

Most recently in the Southern District of Florida, Judge Gayles granted a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) in favor of six defendants because the plaintiff received only one call from each of those defendants. *Hossfeld v. Am. Fin. Sec. Life Ins. Co.*, 2021 WL 2453114, at *1–2 (S.D. Fla. June 16, 2021). In *Hossfeld*, the plaintiff filed a class action against several defendants after receiving seven prerecorded, and unsolicited, phone calls. *Id*. at *4. The complaint alleged that several defendants, who are insurance companies, hired the other defendant, a telemarketing company, to promote their businesses. *Id.* Relying on Eleventh Circuit case law, the court dismissed the claim against six defendants because those defendants were only specifically mentioned in one of the seven phone calls made by the telemarketing company and, therefore, Plaintiff lacked standing to bring a TCPA claim against them. *Id.* at *4 (citing *Glasser*, 948 F.3d at 1306; *Cordoba*, 942 F.3d at 1270; *Salcedo v. Hanna*, 936 F.3d 1162, 1168 (11th Cir. 2019)).

**B. Discussion**

MobileHelp moves to dismiss under Rule 12(b)(1) and raises a facial attack to challenge Plaintiff's standing. *See McElmurray*, 501 F.3d at 1251. Plaintiff, the party invoking federal jurisdiction, has the burden of establishing standing. *See Lujan*, 504 U.S. at 561. To establish Article III standing, Plaintiff must establish that she suffered an injury-in-fact. *See id.* at 560. An injury-in-fact needs to be concrete and particularized. *Spokeo, Inc.*, 136 S. Ct. at 1548.

To decide whether Plaintiff has Article III standing, the Court must first address whether Plaintiff clearly alleges MobileHelp is responsible for all three phone calls made by Crisp Marketing for the promotion and sale of medical alert devices. *See* (Compl. ¶¶ 17–18 (DE [1])). MobileHelp argues that the Complaint should be dismissed because only the December 8 phone call can be traced back to it. MobileHelp also argues that Crisp Marketing's live agent identified the seller only in the final phone call on December 8 and that neither of the prior calls identified MobileHelp. In her response, Plaintiff does not address whether more than one phone call is connected to MobileHelp. Instead, Plaintiff argues that one phone call is enough under the TCPA to establish Article III standing and survive a Rule 12(b)(1) motion to dismiss. Thus, Plaintiff appears to concede that only one phone call can be connected to MobileHelp. The Court agrees that only the December 8 phone call is pleaded as being connected to MobileHelp.

The Court has accepted all the material allegations of the Complaint as true, construing them in Plaintiff's favor; however, the Court cannot infer from the facts alleged that MobileHelp is liable for the three phone calls received by Plaintiff in December 2020. *See Warth*, 422 U.S. at 501 (holding that courts "must accept true all material allegations of the complaint and must construe the complaint in favor of the complaining party"). The Complaint clearly alleges that Crisp Marketing was connected to all three phone calls made to Plaintiff. (Compl. ¶ 17 (DE [1])). On the other hand, the Complaint mentions MobileHelp's name only in connection with the December 8 phone call. (*Id.* ¶ 20). During that phone call, the live agent identified MobileHelp as the seller of the promoted products. (*Id.* ¶¶ 18, 20).

The Court cannot infer that MobileHelp was connected to the December 3 and 4 phone calls from Crisp Marketing. Several days elapsed between those calls and the December 8 phone call. During all three phone calls, "Plaintiff answered the same series of prerecorded questions before being transferred to a live agent promoting medical alert devices." (*Id*. ¶ 18). The Complaint does not clearly allege that MobileHelp was the sole medical alert device company being represented by Crisp Marketing. Rather, the Complaint alleges that Crisp Marketing set up a "campaign" to promote MobileHelp's products. (*Id*. ¶ 2). Just like MobileHelp allegedly had a business relationship with Crisp Marketing to promote its medical alert devices, another company may have been able to hire Crisp Marketing to promote its medical alert devices, as well. Here, the gap in time and the absence of allegations regarding Crisp Marketing's business—specifically, its number of clients—prevents the Court from inferring that MobileHelp is responsible for the first two phone calls because Plaintiff fails to clearly allege whether the medical alert devices mentioned by the live agent are those of MobileHelp. *See* (*id*. ¶¶ 18, 20).

*Hossfeld* presented a similar situation and is instructive. There, a telemarketing company represented several insurance companies and made calls to promote these insurance companies. 2021 WL 2453114, at *1. During several of the calls, no insurance company was identified. *See id.* at *1–2. In evaluating standing, the court considered only the calls where the insurance companies were referenced by name. *See id*. at *4. Here, the seller of the medical alert devices was not identified in the December 3 and 4 phone calls, and like *Hossfeld*, the Court cannot infer that those calls promoted MobileHelp's products in the absence of more detailed allegations. Accordingly, the Court can infer that MobileHelp is connected to only the December 8 phone call.

The Court must next consider whether receipt of the December 8 phone call is a concrete injury under Article III. MobileHelp argues, based on *Cordoba*, that the receipt of more than one phone call is needed to have standing for a violation of the TCPA. *See* 942 F.3d at 1270. Relying on case law from other circuits, Plaintiff argues that one prerecorded phone call is sufficient to establish a concrete injury because prerecorded phone calls are exactly what the TCPA was enacted to prevent. *See, e.g.*, *Susinno v. Work Out World Inc.*, 862 F.3d 346, 351 (3rd Cir. 2017). Plaintiff argues that she has suffered an injury-in-fact because she suffered a violation of privacy, was annoyed and harassed, used her phone battery, and was prevented from receiving actual communications while the prerecorded call was coming in. (Compl. ¶ 22 (DE [1])). Furthermore, Plaintiff distinguishes the single phone call received from MobileHelp from the text message received by the plaintiff in *Salcedo v. Hanna*. 936 F.3d 1162, 1173–74 (11th Cir. 2019).  Here, Plaintiff argues that a phone call should be sufficient to confer Article III standing because the intrusion of a phone call is more harmful than a single text message found insufficient for standing in *Salcedo*.

The Court agrees with Plaintiff that prerecorded phone calls can be a nuisance; however, the Court disagrees that the receipt of one prerecorded phone call is sufficient to constitute a concrete injury under the TCPA. *See* 47 U.S.C. § 227(c)(5); *see also Cordoba*, 942 F.3d at 1269; *Hossfeld*, 2021 WL 1186526, at *4. Ultimately, the Court is bound by Eleventh Circuit precedent and, therefore, Plaintiff does not have standing to bring a cause of action against MobileHelp because Plaintiff suffered no concrete injury.

Accordingly, MobileHelp's Motion to Dismiss under Rule 12(b)(1) is granted without prejudice.  *See McQueary v. Child Support Enf't*, 812 Fed. Appx. 911, 914 (11th

Cir. 2020) ("A dismissal for lack of subject matter jurisdiction is entered without prejudice because it is not a judgment on the merits." (citing *Stalley ex rel. U.S.*, 524 F.3d at 1232)). The Court has no jurisdiction to address MobileHelp's Rule 12(b)(6) argument. Further, the Court is not required to grant leave to amend because Plaintiff did not request it. *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("[A] district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court." (quoting *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc))).

### III.   CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED AND ADJUDGED** that Defendant MobileHelp's Motion to Dismiss (DE [15]) is **GRANTED** for lack of subject matter jurisdiction. Plaintiff's claims against MobileHelp are **DISMISSED WITHOUT PREJUDICE** for failure to allege standing.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of July 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF