IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION NO. 21-60217-CIV-AHS

LISA BATISTA, on behalf of herself and others similarly situated,

    Plaintiff,

v.

CRISP MARKETING, LLC, a Florida limited liability company, and MOBILEHELP, LLC, a Delaware limited liability company,

    Defendants.

## UNOPPOSED MOTION TO STAY ACTION PENDING APPEAL

Defendants Crisp Marketing, LLC and MobileHelp, LLC ("Defendants") move this Court to stay this litigation pending the outcome of Defendants' appeal of this Court's Order on Sealed Joint Motion to Compel Arbitration. Dkt. 33.

Pursuant to L.R. 7.1(a)(3), counsel for movants have conferred with Plaintiff's counsel. Plaintiff does not oppose this motion.

**I.**     **INTRODUCTION**

Defendants have appealed this Court's order denying their joint motion to compel arbitration. Dkt. 33. As set forth below, Defendants have several non-frivolous grounds upon which they are pursuing this appeal. Accordingly, under the standard articulated by the Eleventh Circuit in *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004), this Court should stay this action pending the outcome of the appeal in order to preserve the benefits of arbitration in the event that the Eleventh Circuit concludes that this case should be arbitrated.

## II.  RELEVANT BACKGROUND

On March 12, 2021, Defendants filed a joint motion to compel Plaintiff to arbitrate her claims in this action.  Dkt. 20.  Defendants' motion was based upon an arbitration agreement entered into between Plaintiff and Tibrio, Inc., a third party vendor with which Defendant Crisp Marketing, LLC had contracted.  *Id*.  Defendants argued that, although they were non-signatories to the Terms of Use containing the arbitration agreement at issue, they were entitled to enforce the agreement under theories of equitable estoppel and third party beneficiary.  *Id*.

The Court denied Defendants' motion on June 22, 2021.  Order on Sealed Joint Motion to Compel Arbitration (the "Order"), Dkt. 33.  In its Order, the Court found there was no dispute over the existence of Terms of Use between Tibrio and Plaintiff containing the arbitration clause in question.  *Id*. at p. 12.  However, the Court disagreed that Defendants were entitled to enforce the agreement under theories of estoppel and third-party beneficiary.  *Id*. at pp. 14-20.

Defendants jointly filed a notice of appeal of the Court's Order pursuant to 9 U.S.C. § 16(a)(C) on July 1, 2021.  Dkt. 34.

## III.  THE COURT SHOULD STAY THIS LITIGATION PENDING DEFENDANTS' APPEAL OF THE ORDER

"When a litigant files a motion to stay litigation in the district court pending an appeal from the denial of a motion to compel arbitration, the district should stay the litigation so long as the appeal is non-frivolous."  *Blinco*, 366 F.3d at 1253.  "An appeal is not frivolous where 'there is some possible validity' to the arguments raised by the appellant."  *Kroma Makeup EU, LLC v. Boldface Licensing + Branding, Inc.*, No. 6:14-cv-1551-Orl-40GJK, 2015 U.S. Dist. LEXIS 160872, at *2 (M.D. Fla. Dec. 1, 2015) (quoting *Baron v. Best Buy Co., Inc.*, 79 F. Supp. 2d 1350, 1354 (S.D. Fla. 1999)); see also *World Rentals & Sales, Ltd. Liab. Co. v. Volvo Constr.*

*Equip. Rents, Inc.*, No. 06-60753-CIV, 2006 U.S. Dist. LEXIS 107872, at *3 (S.D. Fla. Dec. 19, 2006). The threshold for establishing a non-frivolous appeal is "exceedingly low." *Plaintiffs' Shareholders' Corp. v. S. Farm Bureau Life Ins. Co.*, No. 6:06-cv-637-ORL-35KRS, 2011 U.S. Dist. LEXIS 160508, at *9 (M.D. Fla. June 15, 2011); *Kroma Makeup*, supra.

Defendants respectfully disagree with the legal determinations made by the Court in the Order, and submit they have non-frivolous bases to appeal each determination as follows:

1. <u>Delegation of Legal Issues</u>:  The Court determined in its Order that the contract delegated issues of arbitrability to the arbitrator, but found "that the question of who may enforce a contract must first be determined by the Court." Order, p. 14. Defendants believe that the Court should have left those issues to be determined by the arbitrator, particularly after finding no factual dispute over the existence of the agreement to arbitrate. There is currently no published Eleventh Circuit precedent on this issue and, as the court acknowledged, there is a circuit split over this question. *Id*.

2. <u>Applicability of Equitable Estoppel</u>: In its Order, the Court disagreed that the Defendants could enforce the arbitration agreement under a theory of equitable estoppel because "Plaintiff does not allege any interdependent and concerted misconduct between GIF/Tibrio . . . and Crisp/MobileHelp." Order, p. 15. While it is true that Plaintiff has not made express allegations against Tibrio, the undisputed evidence submitted by Defendants establishes the existence of interdependent conduct that justifies application of equitable estoppel. Indeed, Plaintiff's visit to, and use of, the GIF site is not just an interdependent, but is an inseparable part of the alleged conduct attributed to Crisp (and MobileHelp) that forms the basis of Plaintiff's claims in this case. Simply put, Plaintiff's visit to the GIF site—during which she specifically provided her phone number and gave her permission to be called by Crisp—is the sole reason

she received the calls at issue from Crisp. Accordingly, it is Defendants' position that the requisite showing supporting equitable estoppel has been made in this case, albeit with admissible, undisputed evidence versus the allegations of Plaintiff's complaint.

3. <u>Application of Florida Supreme Court Precedent Regarding Third Party Beneficiary</u>: The Court found that the applicability of the third-party beneficiary doctrine was called into question by a 2016 Florida Supreme Court Decision in *Mendez v. Hampton Court Nursing Center, LLC*, 203 So.3d 146 (Fla. 2016). The *Mendez* case dealt with a scenario in which a signatory attempted to force an unwilling, non-signatory to arbitrate claims. The court in *Mendez*, however, explicitly affirmed that "the third-party beneficiary doctrine enables a non-contracting party to enforce a contract against a contracting party—not the other way around." *Id*. at 149. That is precisely what Defendants, as non-contracting parties, sought to do in compelling Plaintiff, the contracting party, to arbitrate her claims. Thus, Defendants respectfully disagree that the *Mendez* case foreclosed their ability to rely on the third-party beneficiary doctrine in seeking to enforce the arbitration agreement against Plaintiff.

4. <u>Determination That Defendants Are Not Third-Party Beneficiaries</u>: The court determined that Defendants are not third-party beneficiaries because the arbitration provision only refers to GIF, and makes no mention of Defendants (which are referred to generally within the definition of "Our Companies" in several other material sections of the Terms of Service of which the arbitration provision is a part). However, Defendants believe that the Court's determination was more germane to the issue of the scope of the agreement to arbitrate, which was delegated to the arbitrator, rather than to the issue of whether there was evidence that the Terms of Use was intended to benefit Defendants. As noted by the Court, there are several

provisions within the Terms of Use that, when considered along with the admissible evidence in the case, strongly support the application of the third-party beneficiary doctrine to this case.

Defendants submit that each argument summarized above provides a non-frivolous, colorable basis to pursue an appeal of the Court's Order[1].

### IV.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court stay this action pending the outcome of Defendants' appeal.

Respectfully submitted,

/s/  *Artin Betpera*
Artin Betpera (FL Bar. No. 49535)
**BUCHALTER, A Professional Corporation**
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone: (949) 760-1121
abetpera@buchalter.com

*Attorney for Defendant Crisp Marketing, LLC*

/s/  *Michael Peter De Simone*
Michael Peter De Simone (FL Bar. No. 119739)
P.O. Box 31341
Palm Beach Gardens, FL 33420
Telephone: (914) 419-7908
Michael@DeSimone.law

*Attorney for Defendant MobileHelp, LLC*

---

[1] Given that this motion is unopposed, Defendants intend this section to convey a succinct and high-level overview of their intended arguments on appeal.  However, should the Court require more elaboration to determine whether these arguments meet the requisite, non-frivolous threshold, Defendants are more than willing to furnish supplemental briefing.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 8, 2021, I served the foregoing UNOPPOSED MOTION TO STAY ACTION PENDING APPEAL on all counsel of record via CM/ECF.

/s/ *Artin Betpera*
Artin Betpera
(Florida Bar No. 49535)